**Audrey T. BAKER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 8180.**

United States District Court
E. D. South Carolina,
Charleston Division.

Feb. 23, 1965.

Terrell L. Glenn, U. S. Atty., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for the Government.

Waring S. Howe, A. Arthur Rosenblum, Charleston, S. C., for defendant.

DALTON, District Judge.

■ This claim stems from an application for child's disability insurance benefits, under § 202(d) of the Social Security Act, as amended, under which the applicant must show that prior to becoming eighteen years of age,

(1) She was dependent upon her father, John T. Baker, and upon whom the benefits are based, and

(2) She was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment, which began before she became eighteen years of age, and which continued thereafter to the date of her application for benefits.

The Court, upon a hearing, after argument, and full consideration of the record is of the opinion that the plaintiff has carried the burden imposed upon her by the Act, and therefore holds that plaintiff is entitled to recover the disability insurance benefits.

It will serve no useful purpose to restate the applicable provisions of the Social Security Act, nor to cite a host of prior decisions thereon. This case turns on the factual questions presented, which are here resolved in favor of the applicant.

In support of plaintiff's position the following factual points are established to the Court's satisfaction:

(1) Unquestionably the applicant presently is totally disabled. This conclusion is easily reached from the medical evidence of Dr. Durst, Dr. Betsill and Dr. Cleckley. Moreover, the type of total disability from which the claimant suffers is indicative of the fact that it is not one of recent origin, but instead is one of long duration.

(2) The school records of claimant (Tr. 74) show that in the 1930–31 school year she was discharged by reason of illness. Although the physical and mental condition during school age was not *precisely* described, it is shown in general language that claimant was "nervous"—"with pain in her stomach"—and generally in such condition that she was sheltered and, more or less treated as a disabled person.

(3) The certificate of Mrs. M. M. Newton, dated February 27, 1963 (Tr. 78) states positively that Audrey "at no time prior to attaining the age of eighteen years was ever capable of engaging in any kind of substantial, gainful work".

(4) To the same effect as Mrs. Newton's statement is that of Mrs. Mary E. Deer. (Tr. 77)

(5) Likewise, Mrs. H. E. Coleman gives a statement of the same tenor. (Tr. 76)

(6) Again, Mrs. Milton A. Appleby (Tr. 75) supports the statements of Mrs. Newton, Mrs. Deer and Mrs. Coleman.

(7) The testimony of the claimant herself indicates that she was, more or less, a nervous wreck as a child.

(8) Probably the most persuasive factors favoring the claim of plaintiff are the medical reports of Dr. George G. Durst. Between the years 1953 and 1961 Audrey was treated by Dr. Durst whose reports (Tr. 81–84) are to the effect "there is certainly every evidence" that the claimant is totally disabled; and the evidence by way of verbal report from her former physician, Dr. Frampton, together with the supportive evidence from laymen, indicated that her disability goes

back at least until the time she was fourteen years old. (Tr. 91)

Quite true the findings and treatment of Dr. Frampton (deceased in 1947) are sketchy and largely related by hearsay, yet the direct evidence of claimant (Tr. 31) establishes the fact that Dr. Frampton treated Audrey "constantly" as a little girl.

Dr. Durst obtained a history of Audrey's condition from Dr. Frampton indicating that at age fourteen Dr. James Frampton advised she be taken out of school because of her health.

(9) Dr. Otis M. Pickett treated claimant between 1947 and 1953 for "severe and anxiety neurosis". (Tr. 81)

He recites that applicant's condition has been present since birth. A significant statement in Dr. Pickett's findings is to the effect that by reason of Audrey's sensitive and nervous condition that "any change in her environmental habits might result in severe neuro-psychiatric traits, which could be disasterous to her". (Tr. 81)

### Conclusion

Looking at the record as a whole, one has the picture of an unstable, nervous and "sickly" type individual, who has not had from youth the strength or the physical and mental ability to follow a substantial, gainful employment. Obviously, she never will be able to do so. It would indeed be difficult to imagine what employer would have offered her a job from the year 1934 forward. A look at her past condition reveals the same picture as that of the present and the future. She has not had one day of gainful employment in her lifetime of forty-eight years. Had she been able to work it is only normal and logical that she would have at least worked a brief period of time to fulfill the usual desire of human behavior to make trivial spending money and to fulfill the urge to accomplish something in life. This normal impulse has been thwarted by her physical and mental condition.

See Blevins v. Fleming, 180 F.Supp. 287 (W.D.Ark.1960), and Braun v. Ribicoff (3d Cir. 1961), 292 F.2d 354.

The foregoing relates to direct and perhaps positive evidence to the effect that claimant did not possess the ability to engage in substantial, gainful activity —either in the past, present or future.

Looking now to the other side, one must reasonably conclude that the record is lacking in positive and direct evidence to the effect that claimant has ever been or ever will be able to work. The position of the Secretary is necessarily based largely on inferences and conjecture. This Court is of the opinion that the evidence introduced on behalf of the plaintiff—particularly that of Dr. Durst—overcomes the fragmentary evidence on which the Secretary relies.

A recent opinion by Chief Judge Soboloff in Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), in describing the powers and duties of District Courts in these cases, says:

"* * * In short, the courts are not to try the case de novo. At the same time, they must not abdicate their traditional functions; they cannot escape their duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational." (Citing a number of cases.)

In view of the foregoing opinion it is Adjudged and Ordered that the decision of the Secretary be reversed, and this cause is remanded to the Secretary for the purpose of awarding to claimant the benefits to which she is entitled by reason of this decision.

The purposes of this action having been accomplished, it is dismissed and ordered stricken from the docket.